**DLD-030**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2851
_____

IN RE: RICHARD STEWART,
                                           Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:20-cv-00803)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 18, 2021

Before: KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 8, 2021)
_____

OPINION[*]
_____

PER CURIAM

      Richard Stewart filed a pro se petition for a writ of mandamus requesting that we

compel the District Court to rule, in his favor, on a petition he filed under 28 U.S.C.

§ 2241.  The District Court has since denied the § 2241 petition by order entered October

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

13, 2021, and Stewart has appealed. <u>See</u> C.A. No. 21-2980. In light of the District Court's action, this mandamus petition does not present a live controversy. Therefore, we will dismiss it as moot. <u>See</u> <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").